UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>              Plaintiff,<br><br>    v.<br><br>TWIN FALLS COUNTY JAIL and TOM CARTER, Twin Falls County Sheriff,<br><br>              Defendants. | Case No. 1:24-cv-00153-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Joshwa Aaron Wintrode is proceeding pro se and in forma pauperis in this civil rights action. At the time Plaintiff filed his complaint, he was an inmate in the Twin Falls County Jail. The Court previously reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*See Initial Review Order*, Dkt. 6).

Plaintiff has now filed an Amended Complaint. (Dkt. 9-1). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case under 28 U.S.C. §§ 1915 and 1915A.

1. **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. (*Am. Compl*. at 3). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court

appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. Additionally, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court denies Plaintiff's Motion for Appointment of Counsel.

2.   **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff alleges that, when he was held in the Twin Falls County Jail, he was provided only flip-flops for shoes. Plaintiff states that these shoes were not appropriate for walking on concrete and that his medical conditions worsened as a result. Plaintiff asked jail officials for other shoes and was told he could either (1) purchase other shoes at the commissary, or (2) speak to medical personnel about getting a prescription for medical shoes. (*Am. Compl.* at 2). Plaintiff alleges that he asked jail medical providers numerous times to recommend medical shoes but that these providers did not prescribe them. (*Id.* at 4). Plaintiff sues the Twin Falls County Jail and Tom Carter, the sheriff of Twin Falls County and seeks monetary damages.

**4.     Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff also asserts claims under 42 U.S.C. §§ 1985 and 1986, which prohibit conspiracies to interfere with an individual's civil rights.

Plaintiff asserts claims against Sheriff Carter, alleging that jail administration did not provide him with shoes. The jail, however, did not refuse to provide Plaintiff, who was indigent, with shoes. Rather, the jail provided shoes Plaintiff believed were insufficient considering his medical conditions. Jail officials then appropriately informed Plaintiff how to seek medical shoes. There is nothing unconstitutional about these actions.

Plaintiff followed instructions and sought medical shoes. Medical personnel, however, disagreed with Plaintiff as to whether medical shoes were required—a decision in which Sheriff Carter was not involved. As explained in the Initial Review Order, supervisory jail officials who did not personally participate in the alleged constitutional deprivations can be liable under § 1983 only if the supervisor (1) knew or should have known that others would violate the plaintiff's constitutional rights, (2) knowingly failed to properly train, supervise, or control subordinates who committed the violation, (3) acquiesced in the violation, or (4) acted reckless or with callous indifference to the plaintiff's rights. *Starr v. Baca*, 652 F.3d 1202, 1205–09 (9th Cir. 2011).

Plaintiff does not allege Sheriff Carter has medical training or any other expertise such that he reasonably should have known that the medical providers' decision regarding Plaintiff's request for medical shoes violated Plaintiff's rights or that Sheriff Carter is otherwise liable as a supervisor

for the unconstitutional actions of his subordinates. *See id*. Therefore, Plaintiff's claims against Sheriff Carter are implausible.

Plaintiff's claims against the Twin Falls County Jail are also implausible. Plaintiff has not plausibly alleged the County had a policy or custom amounting to deliberate indifference to inmates' constitutional rights. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Instead, the Amended Complaint suggests Plaintiff's individual medical providers made the decision not to prescribe Plaintiff medical shoes.

**5.    Conclusion**

For the foregoing reasons, the Amended Complaint fails to state a claim on which relief may be granted. Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court dismisses the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 9) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt.

6), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 2, 2024

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
U.S. District Court Judge